UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THURSTON M. BOLTON, #115095, | ) | Civil Action No. 4:24-cv-2645-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| NURSE KARLA McCALL, and | ) | |
| KEVIN BURNHAM, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the Court are Plaintiff's Motion for Appointment of Counsel (ECF No. 56), Motion to Compel Discovery (ECF No. 57), and Motion to Strike (ECF No. 63).[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In his motion to appoint counsel, Plaintiff requests appointment of counsel for the same reasons he requested counsel in a previously filed motion. See Motion to Appoint Counsel (ECF No. 21). That motion was denied, see Order (ECF No. 25). Plaintiff presents no new circumstances or arguments that would change the previous ruling. Therefore, for the same reasons discussed in the Order dated August 26, 2024, Plaintiff's Motion for Appointment of Counsel (ECF No. 56) is **DENIED**.

Plaintiff also moves to compel Defendants to more fully respond to some of his requests for production. Plaintiff served discovery requests on Defendants on September 6, 2024. Defendants requested and were granted an extension to respond, and served their responses on

---

[1] Also pending are Defendants' Motion for Summary Judgment (ECF No. 52) and Plaintiff's Motion for Summary Judgment (ECF No. 55), which will be addressed by separate Report and Recommendation.

November 8, 2024, producing over 2,000 pages of documents. Local Civil Rule 37.01 requires a party to file a motion to compel within twenty-one days after the opposing party serves discovery responses. Plaintiff filed his motion on December 13, 2024, outside the twenty-day deadline to do so. Therefore, Plaintiff's Motion to Compel (ECF No. 57) is **DENIED**.

Finally, Plaintiff moves to strike Defendants' Motion for Summary Judgment because they filed it before Plaintiff had sufficient time to review and make changes to his deposition. Plaintiff received a copy of the transcript of his deposition on November 27, 2024. Rule 30(e)(1) of the Federal Rules of Civil Procedure allows a deponent thirty days to review the transcript and, if there are any changes in form or substance, to sign a statement listing the changes and the reasons for making them. Defendants' motion was filed December 9, 2024, and since Plaintiff had not had thirty days to review his deposition at the time the motion was filed, he argues that Defendants' motion was premature.

Defendants note in their response that any changes to his deposition were due by December 28, 2024, and Plaintiff did not request any changes by that deadline, so by the time Plaintiff filed the present motion to strike on January 2, 2025, the transcript was final, with no changes made. Further, Plaintiff's deadline to respond to the motion for summary judgment was January 13, 2025, and, thus, he could have referenced the changes made to the transcript, if necessary, in his response. For these reasons, Plaintiff's Motion to Strike (ECF No. 63) is **DENIED**.

**IT IS SO ORDERED**.

                                                  s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

March 13, 2025
Florence, South Carolina