IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurston M. Bolton, | Case No. 4:24-cv-2645-RMG |
| Plaintiff, | |
| v. | |
| Nurse Karla McCall and Doctor Keven Burnham, | **ORDER** |
| Defendants. | |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that the Court grant summary judgment to the Defendants in this claim arising under 42 U.S.C. § 1983 for alleged medical indifference. Plaintiff was advised that he could file objections to the R & R and the failure to do so would result in limited clear error review and a waiver of the right to appeal the district court's decision. (Dkt. No. 74-1). Plaintiff filed no objections to the R & R.

I.   **Background**

Plaintiff, acting pro se and then incarcerated in the South Carolina Department of Corrections (SCDC), filed suit on April 29, 2024 alleging that an SCDC nurse and physician's assistant[1] were medically indifferent to his medical needs. (Dkt. No. 1). The record shows that Plaintiff initially presented to Defendant Nurse McCall on February 2, 2022 complaining of leg pain. Defendant McCall examined Defendant's legs and found them to have normal color and

---

[1] Keven Burnham was mistakenly identified in Plaintiff's complaint as a medical doctor. He is a physician's assistant.

1

temperature. She was aware Plaintiff was prescribed hydrochlorothiazide (HCTZ) and knew that one of the side effects of this medication was low potassium, which can produce leg spasms. Defendant McCall recommended Plaintiff increase his intake of potassium rich foods and placed him on a list to see the medical provider. (Dkt. No. 52-5 at ¶¶ 6-7).

Two days later, on February 24, 2022, Plaintiff was seen by Defendant Burnham, a physician's assistant. Defendant Burnham documented that Plaintiff's knees and ankles were normal and had normal range of motion. Defendant Burnham ordered an anti-spasmodic medication and Meloxicam for pain. Plaintiff was advised to follow up with SCDC medical staff if his condition worsened. (Dkt. No. 52-3 at ¶¶ 6-9).

Plaintiff returned to the prison medical clinic on March 4, 2022 and was seen by Physician Assistant George Furness, who is not a party to this suit. Furness documented muscle cramps and ordered x-rays of the ankle, hip and knee. He also renewed Plaintiff's pain medication. (Dkt. No. 52-4 at 11-12). Plaintiff returned to the medical clinic on March 9, 2022 with a dramatically different presentation. He now had blisters on the bottom of his right foot, necrosis in his distal toes, and no pulse on doppler. His right leg was cold while his left leg was warm. (*Id*. at 9). Plaintiff was transferred to the local hospital, where he was diagnosed with blood clots and underwent a right leg amputation on March 11, 2022.

## II.    Legal Standard
### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which

specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Defendant filed objections and therefore the R & R is reviewed *de novo*.

### B. Deliberate Indifference to Serious Medical Needs

To state a § 1983 claim, a Plaintiff must demonstrate that Defendants, acting under color state law, deprived him of a right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983. Claims that prison officials were deliberately indifferent to an inmate's serious medical needs sounds in the Eighth Amendment, cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1979).

To sustain a deliberate indifference claim pursuant to § 1983, a plaintiff must make (1) a subjective showing the officer was deliberately indifferent to his medical needs and (2) an objective showing that those needs were serious. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). To meet the subjective component, the officer must have "actual knowledge of the risk of harm to the inmate" and "the officer must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate from his medical needs." *Iko*, 535 F.3d at 241. The subjective prong of a deliberate indifference claim is a "very high standard" and a showing of mere negligence will not meet it. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001). To meet the objective component, a serious medical condition is one that has been "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017).

### III. Discussion

The Magistrate ably set forth the factual and legal issues in this matter and correctly concluded that Defendants were entitled to summary judgment on the Plaintiff's medical indifference claim. Plaintiff was promptly seen by medical providers once he complained of leg pain and was provided clinical exams, medications, radiological studies over three different clinic visits. The medical records demonstrate that Plaintiff's symptoms markedly worsened between the third and fourth clinic visits, and he was promptly transferred to the local hospital once he presented with truly troubling symptoms. Medical indifference is not the equivalent of medical negligence. A medical indifference claim requires a subjective showing of deliberate indifference and an objective showing that the patient's needs were serious. The record before the Court fails to meet that high standard.

### IV. Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 74) as the order of the Court, **GRANTS** Defendants' motion for summary judgment (Dkt. No. 52) and **DISMISSES** this action.

**AND IT IS SO ORDERED.**

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 2, 2025
Charleston, South Carolina